UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| ALYSSON MILLS, IN HER CAPACITY AS RECEIVER FOR ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL D. BILLINGS and MDB GROUP, LLC; TERRY WAYNE KELLY, JR. and KELLY MANAGEMENT, LLC; and WILLIAM B. MCHENRY, JR. and FIRST SOUTH INVESTMENTS, LLC,<br><br>Defendants. | Case No. _____<br><br>Arising out of Case No. 3:18-cv-252, *Securities and Exchange Commission v. Arthur Lamar Adams and Madison Timber Properties, LLC*<br><br>Hon. Carlton W. Reeves, District Judge |

**(PROPOSED)**

**ORDER**

The Court has received the Joint Motion for Entry of Order filed by Plaintiff Alysson Mills, in her capacity as the court-appointed receiver for Arthur Lamar Adams and Madison Timber Properties, LLC (the "Receiver"), and Defendants Terry Wayne Kelly, Jr. and Kelly Management, LLC (collectively "Defendants").

The Receiver has filed a Complaint against Defendants that seeks to recover "commissions" Defendants received from Arthur Lamar Adams and Madison Timber Properties, LLC. In the interests of all, the parties desire to resolve the Receiver's claims against Defendants amicably, to minimize time and expense to the Receivership Estate, Defendants, and the Court.

The parties request that the Court enter an order that will encourage the parties' negotiations by establishing a timeline and parameters.

The Court is mindful that litigation is expensive and the Receiver's objective is to maximize funds available for distribution to victims. The Court finds the parties' request is appropriate, therefore their motion is GRANTED.

Accordingly, it is hereby ORDERED:

a. Within five days [on or before **October 6, 2018**] Defendants shall make 1) a full and complete financial disclosure, using the form provided by the Receiver; and 2) one or more good faith proposals to resolve the Receiver's claims against Defendants relating to the "commissions" they received from Madison Timber.

b. The Receiver shall consider in good faith any proposal by Defendants and shall reply to it within five days [on or before **October 11, 2018**].

c. Thereafter the parties shall have an additional five days [on or before **October 16, 2018**] to work to reach an agreement to resolve the Receiver's claims against Defendants relating to the "commissions" they received from Madison Timber. The Receiver has no obligation to accept any proposal by Defendants and has no obligation to make a counter-proposal. The acceptance or rejection of all or part of any proposal shall be solely at the discretion of the Receiver.

d. The parties' negotiations shall be confidential and subject to all of the protections of Federal Rule of Evidence 408.

e. Any information shared by either party during this fifteen-day period [through and including **October 16, 2018**] shall be treated as confidential, as follows:

   i. "Confidential" may be used to describe material that contains 1) information prohibited from disclosure by law; 2) financial information that a party has treated as confidential in the ordinary course of business; 3) a party's income tax returns, including attached schedules and forms; and 4) any person's social security number or other identifying information.

   ii. Any party may designate any material "Confidential." By designating any material "Confidential" a party's counsel certifies that the material contains "Confidential" information as defined above.

1366896v.1

iii. The parties and their counsel shall not disclose any material designated "Confidential" to any third person or entity, except that they may disclose it to a consultant or expert employed by the parties and their counsel to assist in them in the prosecution or defense of the claims in the Complaint.

iv. If, in the prosecution or defense of the claims in the Complaint, the parties desire to submit any material designated "Confidential" to the Court, they shall do so under seal.

f. During this fifteen-day period [through and including **October 16, 2018**] the parties shall not file any motion or pleading against the other into the Court's record, unless by consent; shall not make formal discovery requests of the other, unless by consent; and shall not take any other action in this Court that would require a response by the other. Nothing herein affects the Receiver's rights to take any action in this Court against other defendants named in the Complaint, including by filing motions and pleadings and making formal discovery requests.

g. During this fifteen-day period [through and including **October 16, 2018**] Defendants, individually and collectively, shall not, directly or indirectly:

i. transfer, sell, convey, disburse, dispose of, mortgage, encumber, or otherwise transfer any property of any type or description in which any Defendant has any legal, equitable, or other interest, including, but not limited to, any stocks, bonds, negotiable instruments, certificates of deposit, notes, cash, personal property, furniture, fixtures or equipment, real estate, other tangible or intangible property of any type, or any inchoate or choate interests; provided, however, that Defendants may make cash disbursements up to the maximum amount and in the aggregate of $7,500;

ii. incur any indebtedness, confess to judgment, or otherwise acknowledge any obligation, debt, or other liability or obligation; or mortgage, permit a lien upon, or encumber any property of any type or description; provided, however, that Defendants may, together, incur indebtedness in the ordinary course of business up to the maximum amount of $2,500; or

iii. cause or permit any person acting in concert with any Defendant to commit any act or omission prohibited above.

h. Any agreement between the parties to resolve the Receiver's claims against Defendants shall be in writing and signed by both parties.

1366896v.1

i. On or before **October 17, 2018** the Receiver shall advise the Court whether the parties have reached an agreement to resolve the Receiver's claims against Defendants.

j. Any agreement between the parties to resolve the Receiver's claims against Defendants shall be subject to the Court's approval, after appropriate notice and hearing.

If the parties do not reach an agreement to resolve the Receiver's claims against Defendants, the Receiver may amend the Complaint within 21 days as a matter of course, and thereafter with this Court's permission, to state further factual allegations against Defendants.

The Receiver separately may move the Court to consider and, if it approves, enter the proposed Scheduling Order for Summary Proceedings if the parties do not resolve the Receiver's claims against Defendants.


DATED: _____          _____
                                Honorable Carlton W. Reeves
                                United States District Judge