UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| ALYSSON MILLS, IN HER CAPACITY AS RECEIVER FOR ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL D. BILLINGS and MDB GROUP, LLC; TERRY WAYNE KELLY, JR. and KELLY MANAGEMENT, LLC; and WILLIAM B. MCHENRY, JR. and FIRST SOUTH INVESTMENTS, LLC,<br><br>Defendants. | Case No. _____<br><br>Arising out of Case No. 3:18-cv-252, *Securities and Exchange Commission v. Arthur Lamar Adams and Madison Timber Properties, LLC*<br><br>Hon. Carlton W. Reeves, District Judge |

## JOINT MOTION FOR ENTRY OF ORDER

Plaintiff Alysson Mills, in her capacity as the court-appointed receiver for Arthur Lamar Adams and Madison Timber Properties, LLC (the "Receiver"), and Defendants William B. McHenry, Jr. and First South Investments, LLC (collectively "Defendants"), through undersigned counsel, respectfully file this Joint Motion for Entry of Order and states as follows:

1.

The Receiver has this day filed a Complaint against Defendants that seeks to recover "commissions" Defendants received from Arthur Lamar Adams and Madison Timber Properties, LLC.

2.

The parties are mindful that litigation is expensive and the Receiver's objective is to maximize funds available for distribution to victims. In the interests of all, the parties desire to resolve the Receiver's claims against Defendants amicably, to minimize time and expense to the receivership estate, Defendants, and the Court.

3.

By agreement, undersigned counsel for Defendants has accepted service of the Complaint for Defendants. Defendants waive formal service of the Complaint otherwise required by Rule 4 of the Federal Rules of Civil Procedure. Defendants expressly waive any objections to notice or service of the Complaint.

4.

Defendants acknowledge that this Court has subject matter and personal jurisdiction and that venue is proper in this Court. Defendants expressly waive any objection to jurisdiction or venue.

5.

Defendants acknowledge that the Receiver may amend the Complaint within 21 days as a matter of course, and thereafter with this Court's permission, to state new factual allegations against Defendants.

6.

The Receiver and Defendants have agreed, however, that they will attempt to reach an amicable resolution of the Receiver's claims against Defendants before the Receiver amends the Complaint to state further factual allegations against Defendants. The parties further agree to the following terms, which they submit for the Court's approval:

a. Within five days [on or before **October 6, 2018**] Defendants shall make 1) a full and complete financial disclosure, using the form provided by the Receiver; and 2) one or more good faith proposals to resolve the Receiver's claims against Defendants relating to the "commissions" they received from Madison Timber.

b. The Receiver shall consider in good faith any proposal by Defendants and shall reply to it within five days [on or before **October 11, 2018**].

c. Thereafter the parties shall have an additional five days [on or before **October 16, 2018**] to work to reach an agreement to resolve the Receiver's claims against Defendants relating to the "commissions" they received from Madison Timber. The Receiver has no obligation to accept any proposal by Defendants and has no obligation to make a counter-proposal. The acceptance or rejection of all or part of any proposal shall be solely at the discretion of the Receiver.

d. The parties' negotiations shall be confidential and subject to all of the protections of Federal Rule of Evidence 408.

e. Any information shared by either party during this fifteen-day period [through and including **October 16, 2018**] shall be treated as confidential, as follows:

   i. "Confidential" may be used to describe material that contains 1) information prohibited from disclosure by law; 2) financial information that a party has treated as confidential in the ordinary course of business; 3) a party's income tax returns, including attached schedules and forms; and 4) any person's social security number or other identifying information.

   ii. Any party may designate any material "Confidential." By designating any material "Confidential" a party's counsel certifies that the material contains "Confidential" information as defined above.

   iii. The parties and their counsel shall not disclose any material designated "Confidential" to any third person or entity, except that they may disclose it to a consultant or expert employed by the parties and their counsel to assist in them in the prosecution or defense of the claims in the Complaint.

   iv. If, in the prosecution or defense of the claims in the Complaint, the parties desire to submit any material designated "Confidential" to the Court, they shall do so under seal.

f. During this fifteen-day period [through and including **October 16, 2018**] the parties shall not file any motion or pleading against the other into the Court's record, unless by consent; shall not make formal discovery requests of the other, unless by consent; and

3

shall not take any other action in this Court that would require a response by the other. Nothing herein affects the Receiver's rights to take any action in this Court against other defendants named in the Complaint, including by filing motions and pleadings and making formal discovery requests.

    g. During this fifteen-day period [through and including **October 16, 2018**] Defendants, individually and collectively, shall not, directly or indirectly:

        i. transfer, sell, convey, disburse, dispose of, mortgage, encumber, or otherwise transfer any property of any type or description in which any Defendant has any legal, equitable, or other interest, including, but not limited to, any stocks, bonds, negotiable instruments, certificates of deposit, notes, cash, personal property, furniture, fixtures or equipment, real estate, other tangible or intangible property of any type, or any inchoate or choate interests; provided, however, that Defendants may make cash disbursements up to the maximum amount and in the aggregate of $7,500;

        ii. incur any indebtedness, confess to judgment, or otherwise acknowledge any obligation, debt, or other liability or obligation; or mortgage, permit a lien upon, or encumber any property of any type or description; provided, however, that Defendants may, together, incur indebtedness in the ordinary course of business up to the maximum amount of $2,500; or

        iii. cause or permit any person acting in concert with any Defendant to commit any act or omission prohibited above.

    h. Any agreement between the parties to resolve the Receiver's claims against Defendants shall be in writing and signed by both parties.

    i. On or before **October 17, 2018** the Receiver shall advise the Court whether the parties have reached an agreement to resolve the Receiver's claims against Defendants.

    j. Any agreement between the parties to resolve the Receiver's claims against Defendants shall be subject to the Court's approval, after appropriate notice and hearing.

7.

If the parties do not reach any agreement to resolve the Receiver's claims against Defendants, the Receiver may amend the Complaint within 21 days as a matter of course, and thereafter with this Court's permission, to state further factual allegations against Defendants.

8.

Defendants acknowledge that the Fifth Circuit has approved a "summary judgment type procedure" for the litigation of a receiver's claims to assets in the possession of third parties. *See SEC v. Sharp Capital, Inc.*, 315 F.3d 541, 545 (5th Cir. 2003). *See also SEC v. Bjork*, No. 11-2830, 2012 WL 1392082 (S.D. Tex. Apr. 19, 2012) (unpublished); *SEC v. Millennium Bank*, No. 09-50, 2009 WL 10689053 (N.D. Tex. July 21, 2009) (unpublished). "[S]ummary proceedings are appropriate and proper to protect equity receivership assets," *United States v. Ariz. Fuels Corp.*, 739 F.2d 455, 458 (9th Cir. 1984), and are "within the broad powers and wide discretion the district court enjoys to adjudicate relief in an equity receivership proceeding," *Sharp Capital, Inc.*, 315 F.3d at 545. Summary proceedings reduce time and cost for all parties, and therefore serve equally the best interests of the Receivership Estate and Defendants.

9.

Defendants consent to, and expressly waive any objection to, the use of summary proceedings as provided in the proposed Scheduling Order for Summary Proceedings [attached **Exhibit A**] for the litigation of any causes of action that the Receiver currently alleges against Defendants, including without limitation the Receiver's cause of action to avoid "commissions" fraudulently transferred to Defendants by Arthur Lamar Adams or Madison Timber Properties, LLC. The Receiver separately shall move the Court to consider and, if it approves, enter the proposed Scheduling Order for Summary Proceedings if the parties do not resolve the Receiver's claims against Defendants.

10.

Consistent with all of the foregoing, the parties jointly submit the attached proposed order for the Court's approval and entry. Undersigned counsel represents that their respective clients have reviewed this motion and the proposed order and consent to its entry.

_____

WHEREFORE, the Receiver and Defendants respectfully submit the attached proposed order for the Court's approval and entry.

October 1, 2018

Respectfully submitted,

| | |
|---|---|
| */s/  Lilli Evans Bass* | */s/ Frank W. Trapp* |
| BROWN BASS & JETER, PLLC | PHELPS DUNBAR LLP |
| Lilli Evans Bass, Miss. Bar No. 102896 | Frank W. Trapp |
| 1755 Lelia Drive, Suite 400 | Phelps Dunbar LLP |
| Jackson, Mississippi 39216 | 4270 I-55 North |
| Tel: 601-487-8448 | Jackson, Mississippi 39211 |
| Fax: 601-510-9934 | frank.trapp@phelps.com |
| bass@bbjlawyers.com | |
| | *Counsel for William B. McHenry, Jr. and First South Investments, LLC* |
| FISHMAN HAYGOOD, LLP | |
| *Motions for admission pro hac vice forthcoming* | |
| Brent B. Barriere, *Primary Counsel* | |
| Jason W. Burge | |
| Kristen D. Amond | |
| Rebekka C. Veith | |
| 201 St. Charles Avenue, Suite 4600 | |
| New Orleans, Louisiana 70170 | |
| Tel: 504-586-5253 | |
| Fax: 504-586-5250 | |
| bbarriere@fishmanhaygood.com | |
| jburge@fishmanhaygood.com | |
| kamond@fishmanhaygood.com | |
| rveith@fishmanhaygood.com | |

*Receiver's counsel*