UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| ALYSSON MILLS, IN HER CAPACITY AS RECEIVER FOR ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC, | Case No. _____ |
| | Arising out of Case No. 3:18-cv-252, *Securities and Exchange Commission v. Arthur Lamar Adams and Madison Timber Properties, LLC* |
| Plaintiff, | |
| v. | Hon. Carlton W. Reeves, District Judge |
| MICHAEL D. BILLINGS and MDB GROUP, LLC; TERRY WAYNE KELLY, JR. and KELLY MANAGEMENT, LLC; and WILLIAM B. MCHENRY, JR. and FIRST SOUTH INVESTMENTS, LLC, | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF
MOTION FOR ENTRY OF SCHEDULING ORDER
FOR SUMMARY PROCEEDINGS**

Plaintiff Alysson Mills, in her capacity as the court-appointed receiver for Arthur Lamar Adams and Madison Timber Properties, LLC (the "Receiver"), through undersigned counsel, respectfully files this memorandum in support of her Motion for Entry of Scheduling Order for Summary Proceedings.

**FACTS**

The Receiver has this day filed a complaint against Defendants Michael D. Billings and MDB Group, LLC; Terry Wayne Kelly, Jr. and Kelly Management, LLC; and William B. McHenry, Jr. and First South Investments, LLC that seeks to recover "commissions" Defendants

received from Arthur Lamar Adams ("Adams") and Madison Timber Properties, LLC ("Madison Timber").

Madison Timber was a Ponzi scheme. Investors in Madison Timber believed that Madison Timber used investors' money to purchase timber from Mississippi landowners; that Madison Timber sold the timber to Mississippi lumber mills at a higher price; and that Madison Timber repaid investors their principal and promised interest with the proceeds of those sales. Investors received timber deeds and cutting agreements that purported to secure their investments—but the documents were fake. There was no timber and no proceeds from sales of timber. The money used to repay existing investors came solely from new investors. Like any Ponzi scheme, Madison Timber required more and more new investors to continue.

Defendants identified new investors and sold to them Madison Timber investments. For each investment made by an investor he personally recruited, each Defendant received a cut of the investor's payment to Madison Timber. Over time, Defendants received more than $16,000,000 in Madison Timber "commissions."

By her complaint, the Receiver seeks to return these Madison Timber "commissions" to the receivership estate, for the benefit of victims. The Receiver is mindful that litigation is expensive and desires to resolve her claims with minimal time and expense. The Receiver thus proposed the use of summary proceedings to resolve her claims to "commissions" in Defendants' possession. The Fifth Circuit has approved a "summary judgment type procedure" for the litigation of a receiver's claims to assets in the possession of third parties. *See SEC v. Sharp Capital, Inc.*, 315 F.3d 541, 545 (5th Cir. 2003).

Defendants Terry Wayne Kelly, Jr. and Kelly Management, LLC; and William B. McHenry, Jr. and First South Investments, LLC consented to the use of summary proceedings if

necessary to resolve the Receiver's claims to "commissions" in their possession. Andy Taggart, counsel for Defendants Michael D. Billings ("Billings") and MDB Group, LLC ("MDB Group"), advises that Billings and MDB Group do not consent.

Billings and MDB Group together received Madison Timber "commissions" of not less than $3,513,870. The use of a "summary judgment type procedure" is supported by precedent and is an efficient means to resolve the Receiver's claims to these assets.

## LAW

The Fifth Circuit has approved a "summary judgment type procedure" for the litigation of a receiver's claims to assets in the possession of third parties. *See SEC v. Sharp Capital, Inc.*, 315 F.3d 541, 545 (5th Cir. 2003). *See also SEC v. Bjork*, No. 11-2830, 2012 WL 1392082 (S.D. Tex. Apr. 19, 2012) (unpublished); *SEC v. Millennium Bank*, No. 09-50, 2009 WL 10689053 (N.D. Tex. July 21, 2009) (unpublished). The "commissions" received by Billings and MDB Group are assets that the Receiver asserts belong to the receivership estate. In her complaint, the Receiver asserts that she is entitled to avoid all "commissions," fees, and other such payments paid by Madison Timber to Billings and MDB Group pursuant to the Mississippi and Texas Uniform Fraudulent Transfer Acts.

Summary proceedings are "within the broad powers and wide discretion the district court enjoys to adjudicate relief in an equity receivership proceeding." *Sharp Capital, Inc.*, 315 F.3d at 545. They are "appropriate and proper to protect equity receivership assets," *United States v. Ariz. Fuels Corp.*, 739 F.2d 455, 458 (9th Cir. 1984), as they reduce time and cost for all parties, and thereby conserve the resources of the receivership estate.

The Receiver's proposed Scheduling Order for Summary Proceedings sets forth a "summary judgment type procedure" as contemplated by the Fifth Circuit in *Sharp*. Billings and

3

MDB Group shall have notice of the Receiver's argument and evidence against them; the opportunity to meaningfully respond, and to request discovery if necessary; and an evidentiary hearing. The procedure fulfills the requirements of due process under the circumstances presented. *See Bjork*, 2012 WL 1392082 at *2 (citing *SEC v. Wencke*, 783 F.2d 829, 838 (9th Cir. 1986)).

## CONCLUSION

This Court should exercise its discretion to enter the Receiver's proposed Scheduling Order for Summary Proceedings because it is appropriate to resolve the Receiver's claims against Billings and MDB Group.

October 1, 2018
Respectfully submitted,

<table>
<tr><td>

*/s/ Lilli Evans Bass*

BROWN BASS & JETER, PLLC
Lilli Evans Bass, Miss. Bar No. 102896
1755 Lelia Drive, Suite 400
Jackson, Mississippi 39216
Tel: 601-487-8448
Fax: 601-510-9934
bass@bbjlawyers.com
*Receiver's counsel*

</td><td>

*/s/ Brent B. Barriere*

FISHMAN HAYGOOD, LLP
*Motions for admission pro hac vice forthcoming*
Brent B. Barriere, *Primary Counsel*
Jason W. Burge
Kristen D. Amond
Rebekka C. Veith
201 St. Charles Avenue, Suite 4600
New Orleans, Louisiana 70170
Tel: 504-586-5253
Fax: 504-586-5250
bbarriere@fishmanhaygood.com
jburge@fishmanhaygood.com
kamond@fishmanhaygood.com
rveith@fishmanhaygood.com
*Receiver's counsel*

</td></tr>
</table>