IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **ALYSSON MILLS, IN HER CAPACITY AS RECEIVER FOR ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC,**<br><br>**Plaintiff,**<br><br>v.<br><br>**MICHAEL D. BILLINGS and MDB GROUP, LLC; TERRY WAYNE KELLY, JR. and KELLY MANAGEMENT, LLC; and WILLIAM B. MCHENRY, JR. and FIRST SOUTH INVESTMENTS, LLC,**<br><br>**Defendants** | Case No. 3:18-cv-679-CWR-FKB<br><br>Arising out of Case No. 3:18-cv-252, *Securities and Exchange Commission v. Arthur Lamar Adams and Madison Timber Properties, LLC*<br><br>Hon. Carlton Reeves, District Judge<br>Hon. F. Keith Ball, Magistrate Judge |

**REPLY BRIEF OF DEFENDANTS
MICHAEL D. BILLINGS AND MDB GROUP, LLC IN SUPPORT OF
THEIR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Michael D. Billings and MDB Group, LLC (collectively, "Billings") submit this Reply Brief in Support of their Motion to Dismiss **[Dkt. 23]**.

"The [Receiver] doth protest too much, methinks."[1]

Unwilling to acknowledge that she asserted a disgorgement claim that is not available to her by law, the Receiver resorts instead to a tortured refrain — she didn't really need to raise Count IV anyway, but it's important, but not really all that important, so she's just going to drop it now, if it's all the same.

Not so fast.

---

[1] *Hamlet*, Act 3, Scene 2, Shakespeare, W. (c. 1600).

Rule 15 allowed the Receiver to amend her October 2 Complaint in this action once as a matter of right. She did just that on October 17. In fact, it was in her Amended Complaint of October 17 that the Receiver added Count IV for the first time, alleging violations of federal and state securities laws and demanding disgorgement as a remedy.

Now, though, as soon as her hand is called on the legal insufficiency of that claim, and rather than agreeing to an order granting the partial motion to dismiss as to that claim as suggested by counsel for Mr. Billings, the Receiver instead returns to her now-tiresome tactic of trying to paint Mr. Billings as the bad guy who won't let her do whatever she likes in suing him.

But the Receiver's beef is not with Mr. Billings, it is with the law and with the Rules. The law provides that she may not assert the disgorgement claim that she seeks to assert in Count IV. And the Rules provide that she may not camouflage her overreach by the strange device of submitting a so-called "Second Amended Complaint" as an exhibit to her response to our Motion to Dismiss.

There is a reason the Rules don't allow for the cover the Receiver now attempts. A plaintiff is not entitled simply to assert any claim that comes to mind, then, when the legal sufficiency of that claim is pointed out by a defendant, mark through the invalid claim as if it was never there.

The Receiver is not entitled to duck a Rule 12 Motion by saying, "King's X!" while at the same time alerting the court to the fact that she wants to raise the same claim again later. Instead, Mr. Billings is entitled now to a ruling on the merits that the Receiver's claims in Count IV are invalid, and those claims should be dismissed with prejudice.

The Receiver seems to take solace in her response that Mr. Billings did not argue facts in his motion to dismiss. Receiver's Response, Dkt. 25 at pg. 2. But the very nature of a Rule 12(b)(6) motion is the premise that the claim fails as a matter of law. There will be plenty of time to dispute the inaccurate factual allegations of the Amended Complaint.

But Mr. Billings need not even answer the allegations of Count IV, because the Receiver is not legally entitled to assert those claims. The Fifth Circuit is clear on this point. *Janvey v. Democratic Senatorial Campaign Committee, Inc.,* 712 F.3d 185, 190 (5th Cir. 2013); *7547 Corp. v. Parker & Parsley Dev. Partners, L.P.*, 38 F.3d 211, 225 (5th Cir. 1994).

The Receiver sadly misconstrues the holding of the parallel authority from New York cited by Mr. Billings in his brief. *Cobalt Multifamily Investors I, LLC v. Arden*, 46 F. Supp. 3d 357, 360-61 (S.D.N.Y. 2014). Instead of addressing that court's ruling on the merits in the 2014 opinion cited by Mr. Billings, Dkt. 24 at pgs. 3-4, which is directly in line with the Fifth Circuit rule, the Receiver quotes from an iteration of the *Cobalt* case from three years earlier, citing an even earlier 2010 opinion in the same case, when that court was dealing only with a receiver's *colorable* authority to pursue recovery of *default judgments*. Dkt. 25 at pg. 3.  But in its substantive 2014 opinion, cited by Mr. Billings, the *Cobalt* court was considering a Rule 12 motion on the merits, and the court made clear in 2014 that its earlier rulings – on which the Receiver relied in her response – were not the law of the case, and were contrary to the opinion then being published in 2014.

At the same time, relying on another flawed argument, the Receiver argues that she is "only" seeking commissions paid by Adams or Madison Timber. Dkt. 25 at pg. 3. But, of course, any commissions paid as a consequence of loans to Madison Timber were paid from

the loan proceeds of the lenders themselves. That is what commissions are. The *Janvey* and *Cobalt* cases both arose in the context of a receiver's efforts to recover commissions, and both resulted in the rejection of the receivers' claims.

Neither the odd factual emphasis on "only" commissions asserted by the Receiver, nor the unavailable construction she tries to squeeze from an outdated opinion in the *Cobalt* case, gets her around the uncomfortable fact that she brought a claim against Mr. Billings with no legal basis. Count IV should be stricken from the Amended Complaint on the merits, and that claim should be dismissed with prejudice for failure to state a claim.

A good next step, after dismissal of Count IV, would be for the Receiver to dismiss her Amended Complaint as to Mr. Billings without prejudice, returning the parties to where they were less than four weeks ago (but for her inaccurate allegations now spread on the public record), and commence a good faith effort to resolve her dispute with Mr. Billings. Mr. Billings has sought an opportunity for good faith settlement negotiations since the first week of July, and all the Receiver was willing to offer was that she would negotiate for 15 days if he would agree to surrender many of his procedural rights under the Rules and to spend less money than he needs to live on.

Alternatively, it would be helpful for the court to order that this matter stand in abeyance for a reasonable time — perhaps 45 days — and direct the parties to exercise good faith best efforts to settle.

But what would not be appropriate would be to allow the Receiver to amend her complaint yet again, and thereby duck on a ruling on Mr. Billings's motion to dismiss Count IV with prejudice.

Respectfully submitted, this the 31st day of October, 2018.

          **MICHAEL D. BILLINGS** and **MDB GROUP, LLC**
          *Defendants*

          By: /s/ *R. Andrew Taggart, Jr.*
            R. ANDREW TAGGART, JR. (MSB# 7422)

          /s/ *David G. Porter*
          DAVID G. PORTER (MSB# 104828)

**OF COUNSEL:**

R. Andrew Taggart, Jr. (MSB# 7422)
David G. Porter (MSB# 104828)
TAGGART, RIMES & GRAHAM, PLLC
1022 Highland Colony Parkway, Suite 101
Ridgeland, Mississippi 39157
Telephone: (601) 898-8400
Facsimile: (601) 898-8420
andy@trglawyers.com
dave@trglawyers.com

### CERTIFICATE OF SERVICE

  I hereby certify that on October 31, 2018 I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all attorneys of record in this matter.  I further certify that I have mailed by United States Postal Service the document to the following non-ECF participants: NONE.

  SO CERTIFIED, this the 31st day of October, 2018.

          /s/ *R. Andrew Taggart, Jr.*
          R. ANDREW TAGGART, JR.