UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **ALYSSON MILLS, IN HER CAPACITY AS RECEIVER FOR ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**MICHAEL D. BILLINGS and MDB GROUP, LLC; TERRY WAYNE KELLY, JR. and KELLY MANAGEMENT, LLC; and WILLIAM B. MCHENRY, JR. and FIRST SOUTH INVESTMENTS, LLC,**<br><br>Defendants | Case No. 3:18-cv-679-CWR-FKB<br><br>Arising out of Case No. 3:18-cv-252, *Securities and Exchange Commission v. Arthur Lamar Adams and Madison Timber Properties, LLC*<br><br>Hon. Carlton Reeves, District Judge<br>Hon. F. Keith Ball, Magistrate Judge |

**RESPONSE OF DEFENDANTS MICHAEL
BILLINGS AND MDB GROUP, LLC IN OPPOSITION TO
RECEIVER'S MOTION FOR PRELIMINARY INJUNCTION**

Michael D. Billings and MDB Group, LLC (collectively, "Mr. Billings") submit this Response to oppose the Motion for Preliminary Injunction **[Dkt. 16]** (the "Motion") filed by Alysson Mills (the "Receiver"), in her capacity as Receiver for Arthur Lamar Adams ("Adams") and Madison Timber Properties, LLC ("MTP").

The Receiver is not entitled to and the interests of justice do not support the sweeping injunctive relief that she requests in her Motion because:

1.  She cannot at this early stage demonstrate a likelihood of success in her effort to strip Mr. Billings of all his assets, nor can she demonstrate that Mr. Billings's assets all flowed from earnings from MTP. Moreover, Mr. Billings provided reasonably equivalent value

and acted in good faith when introducing prospective lenders to Adams and MTP, and forfeiture of payments earned while acting in good faith is not required by the law;

2. The Receiver seeks money damages only in this case, and her subjective concern that Mr. Billings might be unable to satisfy a monetary judgment sometime in the future is not a sound basis for her to ask this Court to freeze assets necessary for Mr. Billings to pay his reasonable monthly living and maintenance expenses and costs incurred because of the Receiver's lawsuit against him;

3. Legal and equitable principles militate against a preliminary injunction in this case; and

4. The public interest will not be served by broadly stripping a man of access to funds when he has not dissipated assets during the course of these proceedings, and, in fact, is protecting the value of his assets by means of appropriate monthly maintenance and monitoring.

For these reasons and those detailed in Mr. Billings's memorandum brief, the Court should deny he Receiver's Motion for Prelimary Injunction. In the alternative, the Court should limit any injunction so as only to restirct expenditures above those necessary for appropriate monthly living expenses, the protection of assets and litigation-related costs.

Respectfully submitted, this the 31st day of October, 2018.

**MICHAEL D. BILLINGS** and **MDB GROUP, LLC**
*Defendants*

By: /s/ *R. Andrew Taggart, Jr.*
R. ANDREW TAGGART, JR. (MSB# 7422)

/s/ *David G. Porter*
DAVID G. PORTER (MSB# 104828)

**OF COUNSEL:**

R. Andrew Taggart, Jr. (MSB# 7422)
David G. Porter (MSB# 104828)
TAGGART, RIMES & GRAHAM, PLLC
1022 Highland Colony Parkway, Suite 101
Ridgeland, Mississippi 39157
Telephone: (601) 898-8400
Facsimile: (601) 898-8420
andy@trglawyers.com
dave@trglawyers.com


## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2018 I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all attorneys of record in this matter. I further certify that I have mailed by United States Postal Service the document to the following non-ECF participants: NONE.

SO CERTIFIED, this the 31st day of October, 2018.

/s/ *R. Andrew Taggart, Jr.*
R. ANDREW TAGGART, JR.