IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| ALYSSON MILLS, IN HER CAPACITY AS RECEIVER FOR ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL D. BILLINGS and MDB GROUP, LLC; TERRY WAYNE KELLY, JR. and KELLY MANAGEMENT, LLC; and WILLIAM B. MCHENRY, JR. and FIRST SOUTH INVESTMENTS, LLC,<br><br>Defendants. | Case No. 3:18-CV-679-CWR-FKB<br><br>Arising out of Case No. 3:18-cv-252, *Securities and Exchange Commission v. Arthur Lamar Adams and Madison Timber Properties, LLC*<br><br>Hon. Carlton W. Reeves, District Judge |

## **SCHEDULING ORDER FOR SUMMARY PROCEEDINGS**

Plaintiff Alysson Mills, in her capacity as the court-appointed receiver for Arthur Lamar Adams and Madison Timber Properties, LLC (the "Receiver"), has filed a Complaint against Defendants Michael D. Billings and MDB Group, LLC (collectively "Defendants") that seeks to recover the "commissions" Defendants received from Arthur Lamar Adams and Madison Timber Properties, LLC.

The Receiver requests that she be permitted to prosecute her claims pursuant to the "summary judgment type procedure" approved by the Fifth Circuit in *SEC v. Sharp Capital, Inc.*, 315 F.3d 541, 545 (5th Cir. 2003). *See also SEC v. Bjork*, No. 11-2830, 2012 WL 1392082 (S.D. Tex. Apr. 19, 2012) (unpublished); *SEC v. Millennium Bank*, No. 09-50, 2009 WL 10689053 (N.D. Tex. July 21, 2009) (unpublished). "[S]ummary proceedings are appropriate and proper to

protect equity receivership assets," *United States v. Ariz. Fuels Corp.*, 739 F.2d 455, 458 (9th Cir. 1984), and are "within the broad powers and wide discretion the district court enjoys to adjudicate relief in an equity receivership proceeding," *Sharp Capital, Inc.*, 315 F.3d at 545. Summary proceedings reduce time and cost for all parties, and therefore serve equally the best interests of the Receivership Estate and Defendants.

The Court is mindful that litigation is expensive and the Receiver's objective is to maximize funds available for distributions to victims. The Court finds the Receiver's request is appropriate and well-founded in law.

Accordingly, it is hereby ORDERED:

a. The Receiver shall file a motion for summary judgment that complies with Rule 56 of the Federal Rules of Civil Procedure that sets forth the evidence and law on which she relies to argue that the Receivership Estate is entitled to the "commissions" Defendants received from Arthur Lamar Adams and Madison Timber Properties, LLC.

b. Unless the parties waive initial disclosures required by Rule 26, the parties shall make initial disclosures within 7 days of the Receiver's filing of the motion for summary judgment.

c. Defendants shall have 30 days to file a response to the Receiver's motion for summary judgment that complies with Rule 56 that sets forth the evidence and law on which they rely to argue that the Receivership Estate is not entitled to the "commissions" Defendants received from Arthur Lamar Adams and Madison Timber Properties, LLC.

d. Defendants' response should include specific discovery, if any, that they request to address any material fact in dispute, as contemplated by Rule 56(d).

e. The Receiver shall have 14 days to file a reply to Defendants' response, including Defendants' requests for discovery, if any.

f. The Court will allow oral argument on Defendants' requests for discovery, if any, as circumstances require.

g. The Court shall hear the parties' respective arguments and evidence at an evidentiary hearing to be held no later than 90 days after the filing of the Receiver's motion for summary judgment.

h.  The parties shall submit to the Court their respective witness and exhibit lists at least 14 days prior to the hearing.

i.  Any prehearing motions shall be filed at least 7 days prior to the hearing and shall be heard on the same date of the hearing.

j.  The Court separately will issue an order setting a status conference to pick a date for the hearing.

DATED: 11/1/2018                          s/ Carlton W. Reeves
                                                           UNITED STATES DISTRICT JUDGE