# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| ALYSSON MILLS, IN HER CAPACITY AS RECEIVER FOR ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC,<br><br>Plaintiff,<br><br>VS.<br><br>MICHAEL D. BILLNGS and<br>MDB GROUP, LLC;<br>TERRY WAYNE KELLY, JR. and<br>KELLY MANAGEMENT, LLC;<br>and WILLIAM B. MCHENRY, JR. and<br>FIRST SOUTH INVESTMENTS, LLC,<br><br>Defendants. | Case No. 3:18-cv-000679<br><br>Arising out of Case No. 3:18-cv-252, *Securities Exchange Commission v. Arthur Lamar Adams and Madison Timber Properties, LLC*<br><br>Hon. Carlton W. Reeves, District Judge<br>Hon. F. Keith Ball, Magistrate Judge |

## ANSWER AND AFFIRMATIVE DEFENSES OF WILLIAM B. MCHENRY, JR. AND FIRST SOUTHER INVESTMENTS, LLC

William B. McHenry, Jr. and First South Investments, LLC ("First South") (collectively, "McHenry") answer the Amended Complaint ("Complaint) filed by Alysson Mills ("Receiver"), in her capacity as Receiver for Arthur Lamar Adams ("Adams") and Madison Timber Properties, LLC ("MTP") as follows:

### AFFIRMATIVE DEFENSES

#### First Defense

At all material times McHenry delivered reasonably equivalent value and acted in good faith and is not subject to forfeiture of any his earnings wile acting in good faith.

#### Second Defense

Count IV fails to state a claim upon which relief may be granted.

**Answer**

McHenry answers the allegations and claims of the Amended Complaint as follows:

**Introduction**

McHenry denies any and all factual allegations intended to be made against them and/or either one of them in the Receiver's broad "Introduction." McHenry states he has negotiated in good faith with Receiver, made the required disclosures and made good faith proposals to resolve claims within his present financial circumstances but was unable to offer a plan satisfactory to Receiver who made no counterproposal. McHenry has continued to try to pursue a viable liquidation plan.

McHenry acknowledges he believed MTP used the loan proceeds from promissory notes purchased by lenders/purchasers to purchase valuable timber harvesting rights that in turn were sold to lumber mills on profitable terms to enable MTP to repay the promissory note (loan) over a twelve month period and to realize a profit. To his knowledge, the promissory notes and associated timber deeds transactions had been scrutinized and extensively reviewed by various attorneys, including attorneys associated with Butler Snow and upon information and belief, Baker Donelson, two large, reputable, regional law firms, as well as an established prominent investment advisor and trust company.

**Jurisdiction and Venue**

1. McHenry admits that this Court has jurisdiction and venue is proper.

2. McHenry admits this action arises out of an ancillary civil action identified in the style of this filing that was filed by the Securities and Exchange Commission ("SEC"). The allegations in that Complaint can be read to see what they say, thus speak for themselves.

3. The allegations contained in Paragraph 3 of the Complaint are admitted.

4. The allegations contained in Paragraph 4 of the Complaint are admitted.

5. McHenry lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 5 of the Complaint.

## Parties

6. The allegations contained in Paragraph 6 of the Complaint are admitted, except to deny that Receiver has any authority or legal standing to assert Count IV.

7. The allegation of Paragraph 7 of the Complaint do not relate to McHenry thus require no answer.

8. The allegation of Paragraph 8 of the Complaint do not relate to McHenry thus require no answer.

9. The allegation of Paragraph 9 of the Complaint do not relate to McHenry thus require no answer.

10. The allegation of Paragraph 10 of the Complaint do not relate to McHenry thus require no answer.

11. The allegations contained in Paragraph 11 of the Complaint are admitted.

12. The allegations contained in Paragraph 12 of the Complaint are admitted.

## Factual Allegations Relevant to All Counts

13. McHenry is without sufficient knowledge and information to admit or deny the allegations in Paragraph 13 of the Complaint.

14. Admitted, upon information and belief, that some people (lenders) purchased promissory notes in the amount of $100,000 and sometimes larger amounts and that the promissory notes generally had a twelve percent (12%) to thirteen percent (13%) interest rate. Except as admitted, all other allegations contained in Paragraph 14 of the Complaint are denied.

15. Admitted that the allegations contained in Paragraph 15 generally sets out the manner in which MTP and Adams described the timber harvesting financing process to potential lenders. Except as admitted, all other allegations contained in Paragraph 15 are denied.

16. Admitted that generally purchasers/lenders purchased promissory notes reflecting the amount of their loan including interest and received supporting documents. Admitted upon information and belief the purchaser/lender would receive twelve (12) checks for monthly deposit. Except as admitted, all other allegations contained in Paragraph 16 of the Complaint are denied.

17. Admitted that McHenry and the purchasers/lenders did not know and had no reason to know that any documents supporting the loans were anything but viable, valuable and legitimate. Except as admitted, all other allegations contained in Paragraph 17 of the Complaint are denied.

18. McHenry lacks the knowledge and information to admit or deny the allegations contained in Paragraph 18 of the Complaint.

19. McHenry lacks the knowledge and information to admit or deny the allegations in the first sentence of Paragraph 19 of the Complaint. McHenry denies the remaining allegations contained in Paragraph 19 of the Complaint.

20. McHenry admits he received a portion of profit associated with the timber harvesting rights financed by lenders he introduced to Adams and MTP. Except as admitted, all other allegations contained in Paragraph 20 of the Complaint are denied.

21. Upon information and belief by at least April 19, 2018, Adams had confessed his wrongful conduct and was cooperating with the FBI, SEC and U.S. Attorney for the Southern District of Mississippi.

22. Admitted that a Criminal Information was filed by the U.S. Attorney in the public record and that the Criminal Information can be read so as to speak for itself. Except as admitted, all allegations contained in Paragraph 22 of the Complaint are denied.

23. Admitted that on April 20, 2018, the SEC filed a civil complaint against Adams and MTP and that the complaint can now be read so as to speak for itself. Except as admitted, all other allegations contained in Paragraph 23 of the Complaint are denied.

24. The allegations contained in Paragraph 24 of the Complaint are admitted in that on May 9, 2018, Adams plead guilty to the federal wire fraud count in the Criminal Information referenced in Paragraph 22 above. Except as admitted, all other allegations contained in Paragraph 24 of the Complaint are denied.

## Factual Allegations Relevant to Billings and MDB Group

25. The allegations contained in Paragraph 25 do not relate to McHenry thus require no answer.

26. The allegations contained in Paragraph 26 do not relate to McHenry thus require no answer.

27. The allegations contained in Paragraph 27 do not relate to McHenry thus require no answer.

28. The allegations contained in Paragraph 28 do not relate to McHenry thus require no answer.

29. The allegations contained in Paragraph 29 do not relate to McHenry thus require no answer.

30. The allegations contained in Paragraph 30 do not relate to McHenry thus require no answer.

31. The allegations contained in Paragraph 31 do not relate to McHenry thus require no answer.

32. The allegations contained in Paragraph 32 do not relate to McHenry thus require no answer.

33. The allegations contained in Paragraph 33 do not relate to McHenry thus require no answer.

34. The allegations contained in Paragraph 34 do not relate to McHenry thus require no answer.

[To the extent any allegation in Paragraphs 25-34 could be construed to apply to McHenry all such allegations are denied.]

### Factual Allegations Relevant to Kelly and Kelly

35. The allegations contained in Paragraph 35 do not relate to McHenry thus require no answer.

36. The allegations contained in Paragraph 36 do not relate to McHenry thus require no answer.

[To the extent any allegation in Paragraphs 35-36 could be construed to apply to McHenry all such allegations are denied.]

### Factual Allegations Relevant to McHenry and First South

37. Admitted that Adams agreed to pay to McHenry a portion of the profit realized on the sale of timber harvesting rights financed by lenders he introduced to Adams and MTP. Except as admitted, all other allegations contained in Paragraph 37 of the Complaint are denied.

38. Admitted that McHenry had a personal relationship with many of the lenders he introduced to Adams and MTP and that some were his age and older. It is admitted that McHenry believed, based in a large part upon review by a prominent law firm and the participation of

investment and trust firm as well as other sophisticated investors and the repeatedly successful financing over the years, that the financing of timber harvesting rights provide a means to help lenders achieve some of their goals.  It is admitted those lenders included a couple he met at his church which couple repeatedly successfully financed timber harvesting rights.  With respect to the couple, upon information and belief, they would have been net winners (received more money than lost) from their financing of timber harvesting rights over the years and they would have already received 6 payments on the one outstanding ($100,000) promissory note they had as of April 2018.  Except as admitted, all other allegations contained in Paragraph 38 of the Complaint are denied.  McHenry specifically denies any allegation or inference of wrongdoing by him.  Separately, McHenry vigorously objects to Receiver belittling his Christian Faith and Commitment by suggesting he exploited his Faith to take advantage of the couple.

39.	Admitted that the general allegations regarding the manner in which MTP financing of timber harvesting rights were described to prospective lenders, in good faith and on reasonable reliance upon information provided by MTP, its history and course of dealings and review by prominent professions, both law firm and an investment and trust firm.  Except as admitted, all other allegations contained in Paragraph 39 of the Complaint are denied.  McHenry specifically denies any allegation or inference of wrongdoing by him.

40.	Admitted that the general allegations regarding the manner in which MTP financing of timber harvesting rights was described to prospective lenders, in good faith and on reasonable reliance upon information provided by MTP, its history and course of dealings and review by prominent professions, both law firms and an investment and trust firm.  Except as admitted, all other allegations contained in Paragraph 40 of the Complaint are denied.  McHenry specifically denies any allegation or inference of wrongdoing by him.

41.	The allegations contained in Paragraph 41 of the Complaint are denied.

(a)     The allegations contained in Paragraph 41(a) of the Complaint are denied. McHenry neither knew nor should have known that Adams was fraudulently running MTP as a Ponzi scheme or other fraudulent scheme. Adams and MTP timber harvesting financing involved review and scrutiny by and business with members of reputable law firms and an investment and trust firm as well as other sophisticated, knowledgeable successful business people.   In McHenry's dealings with Adams, he was forthright and reliable and appeared to be honest.  McHenry was not involved in drafting documents or negotiations with landowners or timber mills.  McHenry had no reason to be suspicious of a man that never showed any signs of fraudulent behavior and who was regularly doing business with sophisticated and successful business people.

(b)     The allegations contained in Paragraph 41(b) are denied.  Adams and MTP did business with and were reviewed by a reputable, highly regarded investment/trust firm, law firms and businessmen.  McHenry and MTP lenders and their advisors reasonably relied upon and reasonably accepted as true Adams' representations that he had numerous, long standing contacts with lumber mills.  Adams' credibility was enhanced and evidenced by the consistent returns that MTP produced over the years, thus there was no reason to try insert or impose on the long term relationship between Adams and his various lumber mill contacts, which Adams appeared to cultivate by one on one communications and visits.

(c)     The allegations contained in Paragraph 41(c) of the Complaint are denied.

(d)     The allegations contained in Paragraph 41(d) of the Complaint are denied.

(e)     The allegations contained in Paragraph 41(e) of the Complaint are denied as evidencing any sort of wrongdoing or failure to act.  General market conditions did not necessarily reflect local market conditions or consider Adams' relationship with timber

8

mills. Moreover, Adams' knowledge and credibility were enhanced by his performance over the course of years.

(f) The allegation contained in Paragraph 41(f) of the Complaint are denied. Except it is admitted in 2016 MTP changed banks to follow a banker with whom Adams had a long standing relationship and that as a result of that change McHenry alerted lenders of that change.

42. The allegation contained in Paragraph 42 of the Complaint are denied. Except it is admitted that Adams, a third person, who later left, and McHenry shared an office building.

43. The allegations contained in Paragraph 43 of the Complaint are denied except to admit that McHenry introduced a number of people to Adams and MTP, some of whom were introduced at their own request or at the initiative of others.

44. The allegations contained in Paragraph 44 of the Complaint are denied except to admit payments from MTP constituted a substantial amount of First South's income and that McHenry was its sole manager and member thus directed its First South's operation.

## Causes of Action

### Count I

**Against all Defendants for the Return of Commissions and Fees Pursuant to Mississippi Uniform Fraudulent Transfer Act**

45. McHenry reasserts his answers to Paragraphs 1-44 above.

46. The allegations contained in Paragraph 46 of the Complaint are denied.

47. The allegations contained in Paragraph 47 of the Complaint are denied.

48. The allegations contained in Paragraph 48 of the Complaint assert no claim or allegation against McHenry. To the extent Paragraph 48 is deemed to make a claim or allegation requiring an answer, it is denied.

9

49.     The allegations contained in Paragraph 49 of the Complaint assert no claim or allegation against McHenry.  To the extent Paragraph 49 is deemed to make a claim or allegation requiring an answer, it is denied.

50.     The allegations contained in Paragraph 50 of the Complaint are denied.

**Count II**
**Against Defendant Billings and MDB Group for Return of Commissions**
**and Fees Pursuant to the Texas Uniform Fraudulent Transfer Act**

51.     Claims in Count II do not apply to McHenry thus do not require an answer.  To the extent it is deemed to apply, McHenry reasserts his answers to Paragraphs 1-50 above.

52.     The allegations contained in Paragraph 52 of the Complaint assert no claim or allegation against McHenry.  To the extent Paragraph 52 is deemed to make a claim or allegation requiring an answer, it is denied.

53.     The allegations contained in Paragraph 53 of the Complaint assert no claim or allegation against McHenry.  To the extent Paragraph 53 is deemed to make a claim or allegation requiring an answer, it is denied.

54.     The allegations contained in Paragraph 54 of the Complaint assert no claim or allegation against McHenry.  To the extent Paragraph 54 is deemed to make a claim or allegation requiring an answer, it is denied.

55.     The allegations contained in Paragraph 54 of the Complaint assert no claim or allegation against McHenry.  To the extent Paragraph 54 is deemed to make a claim or allegation requiring an answer, it is denied.

**Count III**
**Against All Defendants for Unjust Enrichment**

56.     McHenry reasserts his answers to Paragraphs 1-55 above.

57. McHenry lacks the knowledge and information to admit or deny that MTP operated as a Ponzi scheme at all relevant times. All remaining allegation contained in Paragraph 57 of the Complaint are denied.

58. The allegations contained in Paragraph 58 of the Complaint assert no claim or allegation against McHenry. To the extent Paragraph 58 is deemed to make a claim or allegation requiring an answer, it is denied.

59. The allegations contained in Paragraph 59 of the Complaint assert no claim or allegation against McHenry. To the extent Paragraph 59 is deemed to make a claim or allegation requiring an answer, it is denied.

60. The allegations contained in Paragraph 60 of the Complaint are denied.

**Count IV**
**Against Billings, MDB Group, McHenry, and First South for Disgorgement of Commissions Earned in Violation of 15 USC § 77e and Miss. Code Ann. § 75-71-301**

61. McHenry reasserts his answers to Paragraphs 1-60 above.

62. McHenry joins in Billings' motion to dismiss Count IV of the Complaint [Dkts. 23 and 24]. Moreover, the Receiver has no claim against McHenry for a state or federal securities violation because MTP has no such claim. To the extent Paragraph 62 is deemed to make a viable claim or allegation requiring an answer, it is denied.

63. McHenry joins in Billings' motion to dismiss Count IV of the Complaint [Dkts. 23 and 24]. Moreover, the Receiver has no claim against McHenry for a state or federal securities violation because MTP has no such claim. To the extent Paragraph 63 is deemed to make a viable claim or allegation requiring an answer, it is denied.

64. McHenry joins in Billings' motion to dismiss Count IV of the Complaint [Dkts. 23 and 24]. Moreover, the Receiver has no claim against McHenry for a state or federal securities

violation because MTP has no such claim.  To the extent Paragraph 64 is deemed to make a viable claim or allegation requiring an answer, it is denied.

65. McHenry joins in Billings' motion to dismiss Count IV of the Complaint [Dkts. 23 and 24].  Moreover, the Receiver has no claim against McHenry for a state or federal securities violation because MTP has no such claim.  To the extent Paragraph 65 is deemed to make a viable claim or allegation requiring an answer, it is denied.

66. McHenry joins in Billings' motion to dismiss Count IV of the Complaint [Dkts. 23 and 24].  Moreover, the Receiver has no claim against McHenry for a state or federal securities violation because MTP has no such claim.  To the extent Paragraph 66 is deemed to make a viable claim or allegation requiring an answer, it is denied.

### Count V
### Against Billings, MDB Group, McHenry and First South for Entry of Preliminary and Permanent Injunction

67. McHenry reasserts his answers to Paragraphs 1-66 above.

68. The allegations contained in Paragraph 68 of the Complaint assert no claim or allegation against McHenry.  To the extent Paragraph 68 is deemed to make a claim or allegation requiring an answer, it is denied.

69. The allegations contained in Paragraph 69 of the Complaint assert no claim or allegation against McHenry.  To the extent Paragraph 69 is deemed to make a claim or allegation requiring an answer, it is denied.

70. The allegations contained in Paragraph 70 of the Complaint are denied except to admit in the past McHenry had received a substantial portion of his income from First South.

71. The allegations contained in Paragraph 71 of the Complaint are denied.

72. The allegations contained in Paragraph 72 of the Complaint are denied.

73. The allegations contained in Paragraph 73 of the Complaint are denied.

PD.24870099.1

74. The allegations contained in Paragraph 74 of the Complaint are denied.

75. The allegations contained in Paragraph 75 of the Complaint are denied.

76. The allegations contained in Paragraph 76 of the Complaint are denied.

77. The allegations contained in Paragraph 77 of the Complaint are denied.

78. The allegations contained in Paragraph 78 of the Complaint are denied.

The unnumbered damages Paragraph beginning with the word "Wherefore" and all of its subparagraphs are denied.

THIS the 14th day of November, 2018.

        Respectfully submitted,

        PHELPS DUNBAR LLP


        BY:   */s/ Frank W. Trapp*
               Frank W. Trapp MB  #8261
               4270 I-55 North
               Jackson, Mississippi 39211-6391
               Telephone: 601-352-2300
               Facsimile: 601-360-9777
               Email: trappf@phelps.com

        ATTORNEY FOR WILLIAM B. MCHENRY
        AND FIRST SOUTH INVESTMENTS, LLC

## **CERTIFICATE OF SERVICE**

I certify that I have this day filed this documents with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

This the 14th day of November, 2018.

*/s/ Frank W. Trapp*
FRANK W. TRAPP