# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

| | |
|---|---|
| ALYSSON MILLS, IN HER CAPACITY AS RECEIVER FOR ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL D. BILLINGS and MDB GROUP, LLC; TERRY WAYNE KELLY, JR. and KELLY MANAGEMENT, LLC; and WILLIAM B. MCHENRY, JR. and FIRST SOUTH INVESTMENTS, LLC, <br><br> Defendants. | Case No. 3:18-cv-00679 <br><br> Arising out of Case No. 3:18-cv-252, *Securities and Exchange Commission v. Arthur Lamar Adams and Madison Timber Properties, LLC* <br><br> Hon. Carlton W. Reeves, District Judge |

## AGREED ORDER ON PRELIMINARY INJUNCTION

Plaintiff Alysson Mills, in her capacity as the court-appointed receiver for Arthur Lamar Adams and Madison Timber Properties, LLC (the "Receiver"), has filed a Motion for Preliminary Injunction against Defendants William B. McHenry and First South Investments, LLC (sometimes collectively, "McHenry") that seeks to restrain McHenry from dissipating assets in his possession that are directly traceable to the Madison Timber Ponzi scheme, pending the litigation of the Receiver's claims.

The law governing federal equity receiverships authorizes the relief the Receiver requests. *Janvey v. Alguire*, 647 F.3d 585, 594 (5th Cir. 2011). The assets, and assets traceable to assets, that McHenry received from Adams and Madison Timber belong to the receivership estate.

Accordingly, it is hereby ORDERED:

1. William B. McHenry and First South Investments, LLC, individually and collectively, and all persons acting in concert with either of them or having knowledge of this Order, shall not, directly or indirectly

    a. transfer, sell, convey, disburse, dispose of, mortgage, encumber, or otherwise transfer any property of any type or description consisting of assets, and assets traceable to assets, that McHenry received from Adams and Madison Timber and in which McHenry has any legal, equitable, or other interest, including, but not limited to, any stocks, bonds, negotiable instruments, certificates of deposit, notes, cash, personal property, furniture, fixtures or equipment, real estate, other tangible or intangible property of any type, or any inchoate or choate interests; provided, however, that McHenry may make cash disbursements up to the maximum amount and in the aggregate of $10,000 per 30-day period, with the first 30-day period commencing on the date of this Order;

    b. incur any indebtedness, confess to judgment, or otherwise acknowledge any obligation, debt, or other liability or obligation; or mortgage, permit a lien upon, or encumber any property of any type or description; provided, however, that McHenry may, together, incur indebtedness in the ordinary course of business up to the maximum amount of $2,500; or

    c. cause or permit any person acting in concert with McHenry to commit any act or omission prohibited above.

2. Any balance of the $10,000 that remains unspent at the end of a 30-day period shall roll over to the next 30-day period.

3. At the end of every 30-day period, McHenry must provide to the Receiver written confirmation of the amount of cash disbursements expended in the previous 30 days.

4. If McHenry encounters an emergency or other exigent situation necessitating the expenditure of cash disbursements in excess of $10,000 in a 30-day period, he will advise the Receiver of such situation and provide her with documents supporting his request for excess expenditure. The Receiver shall have two business days from receipt of the supporting documents to respond to McHenry's request. In the event McHenry finds the Receiver's response unsatisfactory, he can apply to the Court for relief.

5. Notwithstanding the foregoing paragraph 1, McHenry and First South Investments may expend up to an additional $ 2,659.63 (the "Additional Funds") during the first

two thirty-day periods which occur following entry of this order, subject to the following conditions:

    a.  The Additional Funds shall be used solely to pay installments on promissory notes or other debt instruments executed by McHenry to the order of:

        1.  Wells Fargo, $901.63 per month, for the 2012 Land Rover Range Rover Sport AWD;

        2.  Regional Acceptance Corporation, $1,072.00 per month, for the 2013 Mercedes Benz G550 AWD;

        3.  Choice Motor Credit, $686.00 per month, for the 2002 Mercedes Benz G500 AWD.

    b.  McHenry shall immediately commence the marketing for sale of the following motor vehicles (collectively the "Vehicles");

        1.  2013 Mercedes Benz G550 AWD, approximately 50,000 miles;

        2.  2012 Land Rover Range Rover Sport AWD, approximately 35,000 miles;

        3.  2002 Mercedes Benz G500 AWD, approximately 160,000 miles.

    c.  McHenry shall maintain the vehicles but they shall not be driven except as may be required for marketing;

    d.  McHenry shall keep the Receiver informed with respect to his efforts to market the vehicles and shall immediately advise the Receiver of any sales, including by providing the Receiver with a copy of the bill of sale and any other documents in any way relating to the sale;

    e.  All proceeds from the sale of any of the vehicles shall be deposited into a separate account to be established by McHenry at a financial institution acceptable to the Receiver. There shall be no withdrawals or disbursement from said account except upon either (i) the express written consent of the Receiver or (ii) further order of this Court. McHenry shall provide to the Receiver all documents pertaining to the establishment of the account immediately after it is established and copies of all monthly statements.

6.  Notwithstanding the foregoing paragraph 1, to the extent that McHenry has other assets that he is in the process of liquidating and needs to be able to spend additional funds in order to maintain those assets (including debt service on loans secured by those assets), McHenry may make a written request of the Receiver for additional funds to maintain

those assets and, upon receipt of prior written authorization from the Receiver, which shall not be unreasonably withheld, McHenry may make any such payments for the purpose of maintaining those assets for liquidation. In the event McHenry finds the Receiver's response unsatisfactory, he can apply to the Court for relief. All proceeds from the sale of any such assets shall be deposited into the account referenced above in Section 5(e).

7. This preliminary injunction will remain in effect until such time that the Court issues an order on the Receiver's Motion for Summary Judgment.[1]


DATED:  11/16/2018                              s/ Carlton W. Reeves
                                                UNITED STATES DISTRICT JUDGE

---

[1] Docket No. 31, Mills v. Billings, et al., No. 3:18-cv-00679 (S.D. Miss.).