UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| ALYSSON MILLS, IN HER CAPACITY AS RECEIVER FOR ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL D. BILLINGS and MDB GROUP, LLC; TERRY WAYNE KELLY, JR. and KELLY MANAGEMENT, LLC; and WILLIAM B. MCHENRY, JR. and FIRST SOUTH INVESTMENTS, LLC,<br><br>Defendants. | Case No. 3:18-cv-00679<br><br>Arising out of Case No. 3:18-cv-252, *Securities and Exchange Commission v. Arthur Lamar Adams and Madison Timber Properties, LLC*<br><br>Hon. Carlton W. Reeves, District Judge |

## STIPULATED PROTECTIVE ORDER

On joint motion of Plaintiff, **Alysson Mills, in her capacity as receiver for Arthur Lamar Adams and Madison Timber Properties, LLC**, and Moving Defendants, **William B. McHenry, Jr. and First South Investments, LLC**, (together, the "Moving Parties") pursuant to Federal Rule of Civil Procedure 26(c) and for good cause shown:

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.  This Stipulated Protective Order shall govern the use of all designated information or documents, including all copies, excerpts and summaries thereof, revealed or produced during the course of discovery in this proceeding by any Moving Party whether in response to an obligation or agreement to produce documents, or a document request, interrogatory, deposition, subpoena, or otherwise (hereinafter referred to as "Discovery Materials"). All Discovery

Materials furnished by any person shall be used solely for the purpose of this proceeding and for no other purpose. Any other party to this proceeding may become a Moving Party by filing a stipulation agreeing to be bound by this Order.

2. This Order also governs all documents and other discovery materials produced during discovery by any non-parties, when the non-party to this litigation requests the protections provided by this Order.

3. In providing Discovery Materials, any party may designate as confidential the whole or any part of any Discovery Materials when the party believes that those materials contain a trade secret, sensitive commercial or financial information, or sensitive personal information of any person, including investors in the Madison Timber promissory notes, in accordance with Federal Rule of Civil Procedure 26(c)(1)(G), and thus need to be protected.

4. Discovery Materials that a party wishes to designate as confidential shall be designated as "CONFIDENTIAL" either on the face of the document, on a cover letter with production of the Discovery Materials, or by so stating on the record during a deposition.

5. A party objecting to the designation of "CONFIDENTIAL" shall so notify all other parties within thirty days of receipt of notice of the designation. Within ten days of such notification, the objecting parties and the producing party shall confer in an effort to resolve any dispute. If the parties are unable to resolve the dispute, the party objecting to the designation of the document or testimony as confidential may file a motion seeking a determination that such information is not entitled to confidential status. The information shall continue to be considered confidential during the pendency of any such dispute.

6. All Discovery Materials designated as "CONFIDENTIAL" and all information derived therefrom, such as extracts, summaries, memoranda, and correspondence quoting from

such documents, may be used only for the purpose of preparing for and conducting discovery, pretrial, trial, and post-trial proceedings in this action and for no other purpose.

7. Except as the Court may otherwise expressly direct, Discovery Materials designated as "CONFIDENTIAL" may be disclosed only to (a) the Court, including its personnel both within Chambers and the Clerk of Court's office; (b) each party and counsel of record for each party actively engaged in this litigation and to paralegal assistants, office clerks and secretaries working under their supervision; (c) outside experts, retained for consultation or for testimony; and (d) witnesses being deposed under protective seal as provided herein; and (e) such other persons as may be permitted to have access pursuant to paragraph 16. Prior to disclosure to persons described in clauses (c), (d), and (e), counsel shall furnish a copy of this protective order to them and obtain the written certification of each such person to be bound by the terms of this protective order, which written certification shall be in the form shown on the attached Exhibit "A" and a copy of which shall be provided to all counsel on request. This requirement shall not apply to employees, representatives, or agents of any party, as employees, representatives, or agents are encompassed within the term "party" as used herein.

8. Any person having knowledge or possession of any Discovery Material designated as "CONFIDENTIAL" obtained through discovery in this litigation shall not disclose such material, its contents or any portion or summary thereof to any person, except as otherwise permitted by this protective order.

9. After the termination of this litigation and upon the written request of the producing party, all copies of Discovery Materials designated as "CONFIDENTIAL" shall either be returned to the producing party within thirty (30) days of the written request or certified destroyed. In addition, all extracts, tabulations, and compilations containing portions of such

Discovery Materials designated as "CONFIDENTIAL", and all computerized formats thereof and indices thereto, in any form whatsoever, shall be destroyed by the party that prepared them.

10. If testimony respecting Discovery Materials designated as "CONFIDENTIAL" is elicited at a deposition, counsel for any party may request that the designated portion of the transcript be treated as confidential.

11. If Discovery Materials designated as "CONFIDENTIAL" are filed and/or used with the Court in connection with a motion or otherwise, they shall be filed under seal in accordance with any applicable local rules.

12. The entry of this Order shall not in any way whatsoever detract from the right of a party to object to the production of documents or information on grounds other than confidentiality. Nothing contained in this Order shall: (a) operate as an admission by any party that any particular Discovery Materials are, or are not, either confidential or admissible in evidence in this action; or (b) prejudice in any way the right of any party to seek, by way of consent of all parties or by application to the Court, (i) to have information not covered by this Order treated as Discovery Material designated as "CONFIDENTIAL" within the meaning of this Order; or (ii) relief from the provisions of this Order with respect to specific items or categories of confidential materials.

15. If a document or information is obtained from sources other than a party and its agents and representatives, it will be presumed not to be confidential.

16. Notwithstanding any other provision of this Order, nothing herein shall prohibit counsel for a party to this case from disclosing Discovery Materials designated as "CONFIDENTIAL" to the person whom the document clearly identifies as a creator or recipient

of the document.  If a document marked as "CONFIDENTIAL" makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel for a party may discuss that conduct or statement with such potential witness without revealing any portion of the document other than that which specifically refers to such conduct or statement, and such discussions shall not constitute disclosure within the terms of this Order.

17. Notwithstanding any other provision of this Order, nothing herein shall prohibit counsel for a party from disclosing or offering into evidence that portion of a document marked as "CONFIDENTIAL" that specifically refers to or discusses conduct or statements that are the subject of a witness' testimony at trial or deposition in this lawsuit, and such disclosure and offering into evidence shall not constitute disclosure within the terms of this Order.

18. Nothing contained in this Order shall preclude any party from moving at any time for a modification of any provision of this Order.

19. All provisions herein concern the exchange of documents and information during the discovery phase.  At the time of trial, each exhibit will be re-examined to determine confidentiality with the policies of the court, public policy, and the applicable Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED**, this 19th day of December, 2018.

                                          s/ Carlton W. Reeves
                                          UNITED STATES DISTRICT JUDGE

**AGREED TO**:

BY: */s/ Brent B. Barriere*
Brent B. Barriere, *Primary Counsel*
Jason W. Burge
Kristen D. Amond
Rebekka C. Veith
FISHMAN HAYGOOD, LLP
201 St. Charles Avenue, Suite 4600
New Orleans, Louisiana 70170
Tel: 504-586-5253
Fax: 504-586-5250
bbarriere@fishmanhaygood.com
jburge@fishmanhaygood.com
kamond@fishmanhaygood.com
rveith@fishmanhaygood.com
*Receiver's counsel*

BY: */s/ Frank W. Trapp*
Frank W. Trapp, MB #8261
4270 I-55 North
Jackson, Mississippi 39211-6391
P.O. Box 16114
Jackson, Mississippi 39236-6114
Telephone: 601-352-2300
Facsimile: 601-360-9777
Email: frank.trapp@phelps.com
*Counsel for William McHenry and First South Investments*