**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**ALYSSON MILLS, IN HER CAPACITY**                                    **PLAINTIFF**
**AS RECEIVER FOR ARTHUR LAMAR**
**ADAMS AND MADISON TIMBER**
**PROPERTIES, LLC**

**V.**                                                     **CAUSE NO. 3:18-CV-679-CWR-FKB**

                                                                        **DEFENDANTS**

**MICHAEL D. BILLINGS and**
**MDB GROUP, LLC;**
**TERRY WAYNE KELLY, JR. and**
**KELLY MANAGEMENT, LLC;**
**and WILLIAM B. MCHENRY, JR. and**
**FIRST SOUTH INVESTMENTS, LLC**

**ORDER**

Before the Court is William B. McHenry, Jr.'s "Response to Court Order and Motion to Oppose Writ of Execution." Docket No. 97. Plaintiff opposes relief. Docket No. 99.

**I.      Factual and Procedural History**

McHenry and his company, First South, received millions of dollars in commissions in exchange for recruiting new investors to Madison Timber, a Ponzi scheme. Plaintiff, Alysson Mills, in her capacity as the court-appointed receiver (the "Receiver") for Arthur Lamar Adams and Madison Timber Properties, LLC, has a judgment against McHenry for $3,473,320. Shortly after the judgment was issued, McHenry filed for bankruptcy. Ultimately, he failed to discharge the amounts due to the Receiver. He has yet to pay any of the judgment.

On August 19, 2021, the Receiver filed a Motion for Writ of Execution. Docket No. 82. In it, she moved the Court to allow her to execute on her final judgment against defendants William B. McHenry, Jr. and First South Investment, LLC. At the time that the motion was filed, McHenry

was represented by counsel who received notice of the filing through the court's electronic-filing system.[1]

The following day, this Court entered a text-only order directing McHenry to advise whether he intended to respond to the Receiver's motion. On August 23, 2021, McHenry confirmed his intention to oppose the motion and informed the Court that he would be proceeding *pro se*. Docket No. 87.

McHenry's counsel moved to withdraw on August 26, 2021. Docket No. 89. Magistrate Judge F. Keith Ball granted the motion on September 17, 2021. Docket No. 91. This Court then waited until September 23 to act on the motion for writ of execution, precisely to give McHenry, now *pro se,* sufficient time to respond. Having received no further response, this Court granted the Receiver's motion. Docket No. 94.

Four days later, McHenry filed the present "Response to Court Order and Motion to Oppose Writ of Execution" requesting the Court to vacate the order for writ of execution "due to lack of proper service." Docket No. 97. McHenry contends that he never received the Receiver's motion and requires additional time to respond.

## II.    Legal Standard

Requests to vacate a motion or order are governed by Federal Rule of Civil Procedure 60. McHenry identified "lack of proper service" as the ground for relief, which comports only with subsection (b)(6), which authorizes courts to provide relief from a judgment or order for any justifiable reason. Relief under Rule 60(b)(6), however, is "extraordinary" and the "movant bears the burden of demonstrating such exceptional circumstances as may warrant relief." *Wilcher v. Epps*, 239 F.R.D. 463, 467 (S.D. Miss.), *aff'd*, 203 F. App'x 559 (5th Cir. 2006) (citing *Heirs of*

---

[1] Counsel for the Receiver represents that in addition to filing the motion via the court's electronic-filing system, she separately mailed a copy of the motion to McHenry's counsel to ensure receipt. *See* Docket No. 92, at 2 n.1.

*H.P. Guerra v. United States*, 207 F.3d 763, 767 (5th Cir. 2000)); *see also Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 605 (5th Cir. 1986) (holding that Rule 60(b)(6) "is a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances.").

## III.    Discussion

Here, McHenry moves the Court to vacate its order because, he claims, he never received the underlying motion. As an initial matter, McHenry was properly served with the motion. Fed. R. Civ. P. 5(b)(1) mandates that if a party is represented by an attorney, service must be made on the attorney unless the court orders service on the party. McHenry and his former counsel never requested an order to modify this rule, and this Court never issued one. Further, a motion is served by sending it to a registered user—here, McHenry's counsel—via the court's electronic-filing system. *See* Fed. R. Civ. P. 5(b)(2)(E).

The timeline is helpful. The Receiver filed the motion at issue on August 19, 2021. McHenry was represented by counsel until September 17, 2021—the date that Magistrate Judge Ball granted McHenry's counsel's motion to withdraw. Prior to September 17, in accordance with Fed. R. Civ. P. 5(b)(2)(E), service was properly affected by filing the motion via the court's electronic-filing system. The Receiver did so. Accordingly, McHenry was properly served through counsel.

McHenry's position is undermined by his own actions. Specifically, in response to a text-only order, McHenry informed this Court that he intended to respond to the very motion he challenges now. Presumably, it was his counsel that directed him to respond. It follows that McHenry (through counsel or receipt of the relevant documents) must have known what exactly he was committing to oppose, at the time he committed to oppose it.

Still, as recent as October 5, 2021, McHenry represents that "only when he received Docket Number [94] granting Docket No. [82] Motion for Writ of Execution was he made aware of the motion." Docket No. 100. Not so. Again, this Court asked McHenry whether he would respond to the motion at issue and he replied to this Court in the affirmative. Clearly, McHenry was "made aware of" the motion prior to the Order granting it. This is one of the rare occasions where the Court itself made the Defendant aware.

Finally, McHenry's arguments are not "extraordinary" or "exceptional" as to warrant relief under Fed. R. Civ. P. 60(b)(6). He had 14 days to respond to the motion. *See* Local Rule 7. This Court gave him double that. During that time, McHenry had repeated contact with the Clerk of Court's office—the appropriate office to obtain additional copies from.[2] McHenry is a sophisticated individual, familiar with proceedings in federal court. He had ample time and opportunity to obtain additional copies of the motion, if needed, and either request an extension or respond. He failed to avail himself of any of these options. Accordingly, the motion is denied.

IV.    **Conclusion**

McHenry's motion is DENIED.

**SO ORDERED**, this the 13th day of October, 2021.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[2] Counsel for the Receiver represents that the Receiver mailed a courtesy copy of the filings, including the Motion for Writ of Execution, Docket No. 82, the motion's exhibits, Docket Nos. 82-1, 82-2, 82-3, 82-4, and the Court's order granting the motion, Docket No. 94, to McHenry directly on October 1, 2021 and that the package was delivered. Docket No. 100.