IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ALYSSON MILLS, IN HER CAPACITY**                        **PLAINTIFF**
**AS RECEIVER FOR ARTHUR LAMAR**
**ADAMS AND MADISON TIMBER**
**PROPERTIES, LLC**

V.                                                     **CAUSE NO. 3:18-CV-679-CWR-FKB**

**MICHAEL D. BILLINGS and**                               **DEFENDANTS**
**MDB GROUP, LLC;**
**TERRY WAYNE KELLY, JR. and**
**KELLY MANAGEMENT, LLC;**
**and WILLIAM B. MCHENRY, JR. and**
**FIRST SOUTH INVESTMENTS, LLC**

## ORDER

Before the Court is William B. McHenry, Jr.'s "Motion to Oppose Writ of Execution/Motion to Assert Exemption of Property." Docket No. 107. Plaintiff opposes relief. Docket No. 108.

**I.      Factual and Procedural History**

By way of brief background, William B. McHenry, Jr. and his company, First South Investments LLC, received millions of dollars in commissions from 2010 to April 2018 in exchange for recruiting new investors to Madison Timber, a Ponzi scheme. Plaintiff, Alysson Mills, in her capacity as the court-appointed receiver (the "Receiver") for Arthur Lamar Adams and Madison Timber Properties, LLC, has a judgment against McHenry for $3,473,320. He has yet to pay any of the judgment.

On August 19, 2021, the Receiver filed a Motion for Writ of Execution. Docket No. 82. In it, she moved the Court to allow her to execute on her final judgment against McHenry and First South. The following day, this Court entered a text-only order directing McHenry to advise

whether he intended to respond to the Receiver's motion. On August 23, 2021, McHenry confirmed his intention to oppose the motion and informed the Court that he would be proceeding *pro se*. Docket No. 87. This Court then waited until September 23 to act on the motion for writ of execution, precisely to give McHenry sufficient time to respond in accordance with the Local Rules. Having received no further response, though, this Court granted the Receiver's motion. Docket No. 94.

Four days later, McHenry filed a "Response to Court Order and Motion to Oppose Writ of Execution" requesting the Court to vacate the order "due to lack of proper service." Docket No. 97. On October 13, 2021, the undersigned denied this motion, Docket No. 102, and on October 14, 2021, the U.S. Marshals Service served a Writ of Execution on McHenry, Docket No. 105.

The following day, McHenry filed the present motion to oppose the writ of execution and declare certain property exempt. Docket No. 107. Plaintiff timely opposed the motion. Docket No. 108. McHenry then submitted his rebuttal, Docket No. 109, and later a surreply raising new arguments, Docket No. 110. Upon a text-only order from this Court, plaintiff timely replied to the new arguments raised by McHenry. Docket No. 111.

**II.     Legal Standard**

Under Mississippi Code § 85-3-1(h), Mississippi residents over the age of 70 are entitled to declare up to $50,000 of whatever type of assets exempt from seizure. More specifically,

> Where an officer shall be about to levy an execution or attachment on personal property, some of which shall be claimed as exempt, he shall demand of the defendant that he make selection of such property as is exempt to him and in reference to which he has the right of selection; and the defendant shall then and there make his selection, or, failing to do so, the officer shall make it for him, and any selection so made shall be conclusive on the defendant.

Miss. Code Ann. § 85-3-3.

This "wildcard" exemption does have its limitations. Namely, "[p]roperty shall not be exempt from execution when the purchase-money thereof forms, in whole or in part, the debt on which the judgment was founded[.]" *Id.* § 85-3-47. Moreover, any court sitting in equity can grant an equitable lien to prevent unjust enrichment "where it would be contrary to equity and good conscience for an individual to retain a property interest acquired at the expense of another." *Neyland v. Neyland*, 482 So. 2d 228, 230 (Miss. 1986).

### III.   Discussion

The sole question before the Court is whether McHenry is entitled to a "wildcard" exemption. The Receiver claims that McHenry's declaration is untimely, insufficiently pled, and contravenes principles of equity.

Mississippi law instructs that when an officer is "about to levy an execution . . . on personal property, some of which shall be claimed as exempt," he must demand the defendant make such selection. Miss. Code Ann. § 85-3-3. It follows that the officer must know or become aware at the time of the execution that some of the property will be claimed exempt, *e.g.*, that the defendant is over 70 and thus, entitled to a wildcard exemption. McHenry claims that this information was never demanded of him. The Receiver argues that McHenry had ample time to declare exemptions in the two months preceding the execution, and then again on the day of the execution. In either case, at the time of the execution, the officer neither demanded nor learned of any relevant exemptions, and McHenry did not inform the officer, counsel, or anyone present of the same.

In *Bank of Gulfport v. O'Neal*, 38 So. 630 (Miss. 1905), the Mississippi Supreme Court held that "all laws granting exemptions must be liberally construed in favor of those entitled to the exemption." *Id.* at 632. In that case, a debtor declared his exemption at the time of the levy but failed to select the property to which it applied. The Court held that that "innocent omission" did

3

not "forfeit his right to the exemptions granted him by the law" and that he "might at any time before sale assert his legal rights in a lawful way." *Id.* This case counsels that McHenry's declaration is not so untimely as to forfeit his claim to the exemption. Moreover, it likely permits him an opportunity to overcome certain deficiencies in his claim, such as the failure to show that he is over 70 years old, identify the property he would like to exempt, and establish that such property is under $50,000.

The Receiver, however, has plausibly shown that the seized property was purchased with proceeds from the Ponzi scheme, in contravention of Mississippi Code § 85-3-47. The Receiver's judgment against McHenry and First South is founded on the debt they owe to the defrauded investors—the $3,473,320 in Madison Timber commissions that they received. Any property that McHenry purchased with those proceeds is not exempt from execution.

As noted by this Court in its Order granting summary judgment, First South's primary or sole source of income was commissions from Madison Timber. Docket No. 62. McHenry, despite filing numerous surreplies without leave of the Court, has failed to present any evidence otherwise. Additionally, this Court is persuaded this is a case for an equitable lien. *See Neyland*, 482 So. 2d at 230; *see also, e.g.*, *Crawford v. Silette*, 608 F.3d 275 (5th Cir. 2010) (granting receiver an equitable lien on real property because to "allow [defendant] a homestead exemption would allow her to become unjustly enriched by the Ponzi scheme at the expense of Hudgins's victims").

In sum, this Court holds that it would be contrary to Mississippi Code § 85-3-47, equity, and good conscience for McHenry to retain property with the proceeds and at the expense of the investors he defrauded. McHenry's motion is, therefore, DENIED.

**SO ORDERED**, this the 22nd day of December, 2021.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

4